OPINION
{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Damian Alexander, filed September 19, 2005. Alexander appeals from the trial court's August 16, 2005 Decision, Entry and Order Overruling Defendant's Petition for Post Conviction Relief. On November 18, 1996, Alexander was convicted on one count of aggravated robbery, one count of kidnaping, one count of rape, one count of robbery and three counts of a firearm specification. On December 2, 1996, Alexander was sentenced to a term of not less than seven years nor more than twenty-five years on the aggravated robbery conviction; a term of not less than ten years nor more than twenty-five years on the kidnaping conviction; a term of not less than ten years nor more than twenty-five years on the rape conviction; and a term of not less than seven years nor more than fifteen years on the robbery conviction. The sentences imposed on the aggravated robbery and kidnaping convictions were to be served consecutively, and the sentence imposed on the rape conviction was to be served concurrently with the kidnaping conviction but consecutively with the aggravated robbery conviction. The robbery conviction was to be served consecutively to all other sentences imposed. Finally, the trial court sentenced Alexander to three years on the firearm specifications.
 {¶ 2} Alexander filed a direct appeal on December 26, 1996, and his convictions were affirmed on December 5, 1997. Alexander based his Petition for Post Conviction Relief upon Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, and U.S. v.Booker (2005), 543 U.S. 220, 125 S.Ct. 738. The trial court determined that "the Blakely decision, which was essentially confirmed by Booker, only applies to those cases which are currently on direct appeal or pending before a trial court. Mr. Alexander's case, obviously, does not fit into either category and, accordingly, his motion must be overruled."
 {¶ 3} Alexander lists three assignments of error at the beginning of his brief, but the body of the document contains five "Arguments." We will address the first four "arguments" together. They are as follows:
 {¶ 4} "CONSECUTIVE SENTENCES COULD NOT BE IMPOSED UPON APPELLANT BECAUSE THE TRIAL COURT FAILED TO STATE ON THE RECORD THE FACTUAL FINDINGS AND FACTUAL REASONS JUSTIFYING CONSECUTIVE SENTENCES" and,
 {¶ 5} "APPELLANT COULD NOT BE GIVEN A MAXIMUM SENTENCE BECAUSE THE TRIAL COURT FAILED TO STATE ON THE RECORD, THE FACTUAL REASONS FOR JUSTIFYING A MAXIMUM SENTENCE" and,
 {¶ 6} "EVEN ASSUMING ARGUENDO THAT THE TRIAL COURT COMPLIED WITH OHIO'S FELONY SENTENCING STATUTES, THE SENTENCES ARE ALSO UNLAWFUL BECAUSE THEY RUN AFOUL OF THE SIXTH AMENDMENT AS INTERPRETED BY APPRENDI V. NEW JERSEY AND ITS PROGENY" and
 {¶ 7} "REVISED CODE SECTION 2953.08 DOES NOT PRECLUDE REVIEW OF APPELLANT'S SENTENCE"
 {¶ 8} The Supreme Court's decisions in Blakely andApprendi, and confirmed by Booker, that the Sixth Amendment right to a jury trial prohibits judicial fact finding as a basis for imposing enhanced sentences, applies only to cases on direct review, as the trial court correctly held. We note that the Ohio Supreme Court recently declared certain portions of Ohio's felony sentencing scheme unconstitutional because they violated the same Sixth Amendment right. State v. Foster, 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio-856. Foster, like the authorities cited by Alexander, only applies to matters on direct review. Further, Alexander could have appealed his sentences in his direct appeal and he did not, and his arguments regarding his sentences herein have been waived. Accordingly, Alexander's first, second, third and fourth "arguments" are overruled.
 {¶ 9} Alexander's fifth argument is as follows:
 {¶ 10} "APPELLANT'S PETITION FOR POST CONVICTION RELIEF WAS TIMELY UNDER THE LAW"
 {¶ 11} The trial court addressed the merits of Alexander's Petition, and did not conclude that Alexander's petition was untimely, thus this assigned error lacks merit. In this context, we note the State refers us to our Opinion dated December 19, 2005, in which we overruled the State's motion to dismiss Alexander's appeal to this court. This argument has no bearing on the timeliness of Alexander's petition for post conviction relief filed in the trial court.
 {¶ 12} Finally, Alexander complains that the trial judge did not sign his Decision. The original Decision, however, is contained in the file, and it is, in fact, signed by the trial judge.
 {¶ 13} The judgment of the trial court is affirmed.
Brogan, J. and Walters, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).